GRINNELL v. WALWORTH MANUF'G Co.

(*Circuit Court, D. Massachusetts. August 27, 1890.*)

PATENTS FOR INVENTIONS—NOVELTY—FIRE-EXTINGUISHER.
    Letters patent No. 248,827, issued October 25, 1881, to Frederick Grinnell, for an improvement in automatic fire-extinguishers, is void for want of novelty, since the alleged improvement merely consists in applying to an automatic extinguisher a deflector, which had formerly been in use on hand hose.

In Equity.
*Benjamin F. Thurston* and *Wilmarth H. Thurston*, for complainant.
*Chauncey Smith* and *James J. Myers*, for defendant.

COLT, J. This suit is brought for the infringement of letters patent No. 248,827, granted October 25, 1881, to the complainant, Frederick Grinnell, for an improvement in automatic fire-extinguishers. The speci-fication says:

"This invention has reference to an improvement in devices for distribut-ing water supplied through a system of pipes, which water is retained by means of a seal secured by a solder made of a material fusible at a low tem-perature, so that by the action of heat on the solder the seal is released and removed by the pressure of the water. The invention consists in secur-ing opposite the outlet thus sealed a deflector, by which the water rushing from the outlet is deflected and distributed over a large area, as will be more fully set forth hereinafter. Distributers for automatic fire-extinguishers have been heretofore provided with perforations through which the water is dis-charged. Such perforations are liable to become obstructed by sediment if the device is constantly filled with water, or they are as liable to be ob-structed by dust, and more particularly so in factories where the air is filled with impurities, when the same are exposed. To avoid all these defects and reduce the cost of construction is the object of this invention. * * * Having thus described my invention, I claim as new and desire to secure by letters patent, in an automatic fire-extinguisher, the combination, with the outlet, of a deflector fixed in front of the outlet, and constructed to disperse the water over a large area, and a seal held by a solder fusible at a low tem-perature, as described."

I have quoted at length from the specification of the patent to show that the Grinnell invention was a very simple one, and that it consisted in substituting a deflector, secured opposite the sealed outlet of the pipe, for a distributor with perforations commonly known as the "rose head." It is admitted that all the elements, including the deflector, which make up the claim of the patent, are old. What Grinnell did was to take an old deflector which had been in use on hand hose, and apply it to an automatic fire-extinguisher. If he had been the first to construct the deflector it would without question have been an invention. If, to make a practically operative automatic fire-extinguisher, it had been found necessary to use a deflector, and Grinnell had been the first to conceive this, there might be some ground for sustaining the patent. But it is admitted that the prior Parmelee extinguisher was operative, and used commercially. At most the Grinnell extinguisher is only an improvement upon Parmelee's, and the improvement consisted in substituting an element which was old and well known in the art. In patent No. 151,227, granted to G. E. Jenks, May 26, 1874, we find described a deflector similar to that found in the Grinnell patent. It was there used in connection with hand hose, or fountain nozzles, but its functions were the same as when applied to an automatic fire-extinguisher. Under the rules of law as laid down by the courts in cases of this character, I must hold the Grinnell patent void for want of patentable novelty, in view of the prior state of the art at the time of the alleged invention. With the Jenks patent, the Parmelee patents, and the whole prior art as disclosed in the record before me, I do not think that it required more than the ordinary skill of the mechanic to place a Jenks deflector upon a Parmelee sprinkler; or, in other words, in doing this I do not think there was any exercise of the inventive faculty under the patent laws of the United States. This point seems to me so clearly decisive of the case that I do not deem it necessary to consider the other questions raised in defense or to further review the state of the art. Bill dismissed.